## WILLIAM KOCOLOS v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

June 11, 1926.

No. 25,373.

**Verdict sustained—charge to jury proper.**

In an action under the Federal Employers Liability Act for damages on account of personal injury, *held*:

(1) That the evidence sustains the verdict; that the verdict of $839 is not excessive, and that the question of plaintiff's contributory negligence was fairly submitted to the jury and its finding justified by the evidence.

(2) That the charge to the jury, when considered as a whole was as favorable to the defendant as it had any right to expect. There was no reversible error in the court's failure to define, in its charge, the meaning of "imminent peril."

Damages, 17 C. J. p. 1097 n. 3.
Master and Servant, 39 C. J. p. 1044 n. 4.
Trial, 38 Cyc. p. 1686 n. 50; p. 1687 n. 86; p. 1778 n. 73; p. 1779 n. 75.

See note in L. R. A. 1915F, 30; 8 R. C. L. p. 274; 2 R. C. L. Supp. p. 638; 4 R. C. L. Supp. p. 567; 5 R. C. L. Supp. p. 480.

[1]Reported in 210 N. W. 62.

Action in the district court for Ramsey county under the Federal Employers Liability Act to recover for personal injuries. The case was tried before R. D. O'Brien, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.

*Peter E. Kamuchey,* for respondent.

QUINN, J.

This action was brought under the Federal Employers Liability Act to recover for the personal injuries which the plaintiff claims to have sustained through the negligence of the defendant's section foreman on December 8, 1924. Plaintiff recovered a verdict for $839 against the defendant. From an order denying defendant's motion in the alternative for judgment or a new trial, this appeal was taken.

On December 8, 1924, at the time of the accident, respondent was a member of an extra section gang, working out of Bailey, Iowa, north into the state of Minnesota. The gang was in charge of Section Foreman Moroney. Mr. Arnold was assistant to the division superintendent and, as such, was in full charge of the section crew. The Milwaukee railroad track crosses the defendant's track just north of Bailey. There was a stop signal at the crossing. On the day in question, there was a derail in defendant's main track, a short distance north of the crossing. The section crew was at work several miles north of the crossing. A little before 12 o'clock, as was their custom, the crew started toward Bailey where their bunk camp was located. They took a hand car, propelled by a gasolene engine, and a trailer upon which they rode into camp. The plaintiff was stationed at the front left-hand corner of the hand car. The section foreman sat by his side, operating the car. The assistant superintendent also rode on that car, and two other section men. There were 8 or 10 men riding on the trailer. When they approached within about 1,000 feet of the stop signal at the crossing, they discovered that the signal was against them. As they neared

the crossing, the assistant superintendent discovered the derail something less than 100 feet in front of them and so informed the section foreman who applied the brake and the car began to slow down. When within 30 or 35 feet of the derail, plaintiff jumped striking on his feet, then falling to the ground, striking his chest and right shoulder, and rolled a time or two. The hand car was derailed and the front trucks of the trailer also went off the rails before coming to a stop. The cars were placed back on the track and the crew, including plaintiff, proceeded to their camp. The plaintiff did not return to work that day. He complained of pain in his right shoulder and chest.

On December 10 he consulted Dr. Johnson, the company's physician, who discovered, according to his own testimony, no injury or difficulty with plaintiff's shoulder or chest though he strapped the shoulder with adhesive strips. On December 15 plaintiff consulted Dr. Martineau, who testified that, upon examination of the plaintiff, he found him suffering with some pleurisy; that the plaintiff was afflicted with a friction rub between the shoulders, an inflammatory condition of the tissues between the lining of the lung and the lining of the chest cavity. He also testified that there were no black and blue spots; that he removed the strapping from the shoulder; that he strapped the right chest and gave him something for his bronchial condition; that he saw the patient 12 times; that he saw him on January 25, 1925, and made a careful examination; that the friction rub indications had entirely disappeared yet the patient complained of pain; that, from the patient's history of the case, he attributed his condition to an injury of some sort of the shoulder and chest. The plaintiff testified that he was unable to work for 7 or 8 months; that he tried to work but had to quit because of the pain he suffered.

It is uncontroverted that the question of defendant's negligence, under the evidence, was for the jury. The court fully and fairly submitted the question of contributory negligence to the jury. Appellant urges in its brief and upon the oral argument in submitting the appeal to this court, that the failure of the trial court to define

to the jury in its charge the meaning of "imminent peril" was reversible error. Counsel for appellant did not submit to the court what it claimed to be a proper definition of the term nor did it request an instruction along that line. They did however suggest to the court at the close of the general charge that such an instruction should be given. A careful reading of the general charge satisfies us that it was as fair as the appellant had any right to expect.

The respondent was receiving, at the time of the accident, from $73 to $75 per month. The medical expenses amounted to $39. The question of the amount of damages was fairly submitted to the jury and, under the evidence, it is not for this court to interfere.

Affirmed.